IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALISON M. ABELS,

        Plaintiff,                    No. CIV S-11-2904 JAM EFB PS

    vs.

BANK OF AMERICA, N.A., et al.,

        Defendants.              ORDER

_____/

        This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On January 31, 2012, defendants Bank of America, N.A., U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc., and ReconTrust Company, N.A. filed a motion to dismiss plaintiff's complaint, and noticed the motion for hearing on March 14, 2012. Dckt. No. 12. On February 23, 2012, plaintiff filed an objection to the motion, arguing that the motion to dismiss should be denied as untimely. Dckt. No. 16. Then, on March 12, 2012, the undersigned issued an order overruling the objection, continuing the March 14 hearing on defendants' motion to dismiss to April 25, 2012, and directing plaintiff to file an opposition to the motion on or before April 11, 2012. Dckt. No. 22.

////

1   Rather than filing an opposition to defendants' motion, on April 11, 2012, plaintiff filed a
2   motion for leave to file an amended complaint. Dckt. Nos. 23, 24. Plaintiff states that she
3   intends to correct the deficiencies identified in defendants' motion to dismiss in an amended
4   complaint. Dckt. No. 23 at 2.
5   Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course
6   within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading
7   is required, 21 days after service of a responsive pleading or 21 days after service of a motion
8   under Rule 12(b), (e), or (f), whichever is earlier." Here, plaintiff did not file an amended
9   complaint within 21 days of the date defendants were served with the complaint or within 21
10  days of the date defendants served their motion to dismiss. Therefore, plaintiff is not entitled to
11  amend her complaint "as a matter of course."
12  Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its
13  pleading only with the opposing party's written consent or the court's leave. The court should
14  freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely
15  granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v.*
16  *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend
17  under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith;
18  (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S.
19  178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to
20  the opposing party," and the burden of showing that prejudice is on the party opposing
21  amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital,*
22  *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187.
23  Granting or denying leave to amend rests in the sound discretion of the trial court, and will be
24  reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir.
25  1996).
26  ////

Here, there is no indication that plaintiff, who is appearing *pro se*, unduly delayed in filing her motion for leave to amend or that it was filed in bad faith. In fact, the motion to amend was filed withing the time prescribed for responding to defendants' motion to dismiss. Further, the court cannot say at this time that amendment would be futile. Additionally, although defendants have already filed a motion to dismiss the original complaint, if plaintiff's amended complaint suffers from the same failures that defendants contend the original complaint does, defendants can move to dismiss the amended complaint on similar grounds. Therefore, defendants have completed little or no work that would be disturbed by granting plaintiff leave to file an amended complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants cannot carry this burden. Accordingly, plaintiff will be granted an opportunity to file an amended complaint. *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

As a result, defendants' motion to dismiss, Dckt. No. 12, will be denied as moot. Plaintiff's amended complaint will supersede the earlier complaint which that motion seeks to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend her complaint, Dckt. No. 24, is granted.

2. On or before May 11, 2012, plaintiff shall file a first amended complaint.

3. Defendants' motion to dismiss, Dckt. No. 12, is denied as moot and the April 25, 2012 hearing thereon is vacated.

4. Defendants shall file a response to plaintiff's first amended complaint within the time prescribed in the Federal Rules of Civil Procedure.

////

////

////

1   5.  Failure to timely file an amended complaint may result in a recommendation that this
2   action be dismissed for failure to prosecute and/or for failure to comply with court orders. *See*
3   Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110.
4   SO ORDERED.
5   DATED: April 16, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4